IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| MICHAEL E. MOSHER, ) | |
| ) | Bankruptcy No. 13-01154 |
| Debtor. ) | |
| IN RE: ) | |
| ) | Chapter 13 |
| REBECCA J. MOSHER, ) | |
| ) | Bankruptcy No. 12-01632 |
| Debtor. ) | |

## ORDER RE: SHOW CAUSE HEARING

This matter came before the undersigned on August 14, 2013 on U.S. Trustee's Motions for Show Cause Hearing in the two captioned Chapter 13 cases. Debtor Rebecca Mosher appeared. Attorney John Schmillen appeared for the U.S. Trustee. Attorney Carol Dunbar appeared as the Chapter 13 Trustee. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

U.S. Trustee asserts Debtors' multiple Chapter 13 cases constitute an abuse of the bankruptcy system. He requests an order prohibiting future filings by Debtors unless they obtain prior permission of the Court.

## FINDINGS OF FACT

Debtors Rebecca and Michael Mosher are married. They have separately filed, pro se, five Chapter 13 petitions since November 29, 2011 – three in Rebecca's name and two in Michael's name. Each of the bankruptcy petitions were filed

within a few days of a scheduled foreclosure sale of their homestead real estate, as follows:

| Case | Filing date | Foreclosure sale |
|------|-------------|------------------|
| 11-02648 | 11/29/11 | 12/1/11 |
| 12-00892 | 5/7/12 | 5/8/12 |
| 12-01632 | 8/30/12 | 9/4/12 |
| 13-00291 | 3/6/13 | 3/7/13 |
| 13-01154 | 7/12/13 | 7/16/13 |

All four of Debtors' previous Chapter 13 cases were dismissed for failure to file all required schedules and statements.

Rebecca Mosher explained at the hearing that Debtors have been trying to work out a loan modification with the lender holding a mortgage on their real estate. They paid $300 to an online loan modification company which suggested Debtors file an "emergency bankruptcy" to stall the foreclosure action.   The online company prepared the bankruptcy petition for Debtors, with no schedules or statements.   Debtors filed the bare petition and did not complete the schedules because they were told by the modification company they didn't have to since they were working on a loan modification.   Later, Debtors talked to the lender directly and were told the same thing.

To date, Debtors have not been able to complete a loan modification.   Mrs. Mosher stated that she believes the lender will work with her to extend the number of payments or to increase the current monthly payment.   Debtors have very little debt except for the mortgage.

2

## CONCLUSIONS OF LAW

Courts may dismiss a case under § 1307 if it was filed in bad faith.  In re Marshall, 407 B.R. 359, 362 (B.A.P. 8th Cir. 2009).  In this circuit, courts have barred refiling where serial filings abuse the bankruptcy process.  Id. at 363.  In In re Selinsky, 365 B.R. 260, 264 (Bankr. S.D. Fla. 2007), the court found a married couple had followed an abusive tag-team scheme by staggering their individual bankruptcy filings on the eve of foreclosure sales.  It concluded that the debtors had subverted the bankruptcy process and prohibited both individuals from filing another bankruptcy case for two years.  Id. at 267.

Both Debtors in this case have individually filed bankruptcy petitions, apparently on the advice of an online loan modification company.  They have not completed any of their filings but have merely used the bare bankruptcy petitions to stop scheduled foreclosure sales in order to pursue a loan modification from their mortgage lender.  As stated by the Court at the hearing, it is an abuse of the bankruptcy process to file a case merely to hinder creditors.  In addition, the Bankruptcy Code does not allow Chapter 13 debtors to modify the rights of their real estate lender.

Based on the length of time Debtors have been filing serial bankruptcy petitions, the Court concludes that Debtors should be barred from filing future cases for a period of one year without leave of the Court.

**WHEREFORE**, Debtors are barred from filing another bankruptcy petition within one year of the date of this order without leave of the Court.

**FURTHER**, Debtors may seek leave of court by an ex parte order from the bankruptcy court upon a showing that (1) there has been a material change in

3

circumstances, (2) the filing fee is paid in full, (3) complete schedules and statements are filed with the voluntary petition, and (4) reasonable assurances are made that the debtor will appear at the section 341 meeting.

**FURTHER**, the pending Chapter 13 case of Debtor Michael E. Mosher, No. 13-01154, is DISMISSED.

Dated and Entered:   August 16, 2013

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

4